IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

---

**ENVY 27, LLC d/b/a MOTEL 6,**

    **Plaintiff,**

v.   Case No. 3:12-cv-00429
    JURY DEMAND

**AMERICAN AUTOMOBILE**
**INSURANCE COMPANY,**   Judge Thomas W. Phillips
    Magistrate Judge C. Clifford Shirley

    **Defendant.**

---

**FIRST AMENDED COMPLAINT**

---

COMES NOW the Plaintiff, Envy 27, LLC d/b/a Motel 6 (hereinafter the "Insured"), by and through counsel, with written consent from the Defendant to file an Amended Complaint pursuant to Rule 15 of the Federal Rules of Civil Procedures, and respectfully submits the following First Amended Complaint against American Automobile Insurance Company:

**PARTIES AND JURISDICTION**

1. Plaintiff, Plaintiff, Envy 27, LLC d/b/a Motel 6 is a Tennessee limited liability corporation and owns and operates a hotel known as Motel 6 located at 326 Lovell Road, Knoxville, Knox County, Tennessee.

2. At all times material to this Complaint, Defendant American Automobile Insurance Company (hereinafter "American") was a foreign corporation engaged in the insurance business in the State of Tennessee.

3. This Complaint originates as the result of covered causes of loss, i.e., hail, wind and water damage, that permanently damaged portions of the insured structure located at 326

Lovell Road, Knoxville, Tennessee (hereinafter the "Insured Premises") on/or about April 27, 2011, as well as the business personal property and equipment located therein and thereabouts.

4. Jurisdiction and venue are proper in this Court.

## FACTS

5. At all times material hereto, the Insured was a party to an insurance contract whereby American agreed to insure the Insured Premises and contents located thereon against property damage, being Policy No A S4 AZC 80849893 ("The Policy").

6. At all times relevant hereto, the Insured Premises consisted of one building and surrounding area on which the Insured operated a hotel known as Motel 6.

7. The Policy provided insurance coverage for hail, wind and water damage to the buildings located on the Insured Premises, business personal property, loss of business income and extra expense, effective April 27, 2011. The Policy also provided for such other customary coverages as specifically set forth in the Policy. With respect to the buildings and contents, coverage was issued with the following limits: Building - $2,600,000.00 and Business Personal Property - $300,000.00.

8. Pursuant to the Policy, the Insured paid an annual premium to American in exchange for insurance coverage. The Insured paid the required premiums at all times relevant to this Complaint.

9. On or about April 27, 2011, hail, wind, and water caused damage to the roof and other portions of the building at the Insured Premises which ultimately led to significant damage to a large portion of the Insured Premises. Certain business personal property and other contents located on or about the Insured Premises were also damaged or destroyed (hereafter the "Loss"). All damage for which recovery is sought herein was caused by covered causes of loss.

10. The Loss was promptly reported to American.

11. At the request of American, two separate engineering firms inspected the Insured Premises and confirmed that the Insured suffered compensable damages.

12. The Insured fulfilled all of the duties after the Loss that were imposed upon it by the Policy to the satisfaction of American.

13. Despite the fact that the Insured has fulfilled all duties imposed upon it by American and the damage to the Insured Premises is a result of a covered cause of loss that occurred during the effective dates of the Policy, American has wrongfully denied the Insured's full claim for insurance proceeds, and has only paid a portion of the damage suffered by the Insured.

14. American's refusal to pay the Insured the amounts owed to it as a result of the Loss is without justification and constitutes a breach of contract, all as set forth more fully above and below.

15. American's refusal to pay the money and benefits due and owing the Insured under the Policy has caused the Insured to seek legal counsel and to initiate this litigation to recover the insurance proceeds to which it is entitled.

## CAUSES OF ACTION

### COUNT I – Breach of Contract

16. The allegations contained in paragraph 1-15 of this First Amended Complaint are incorporated herein by reference as if set forth verbatim herein.

17. The policy issued by American is a binding contract, and is supported by valid consideration.

18. American is in total, material breach of the Policy, and American is liable to the Insured in the maximum amount allowed by the Policy for the Loss. Specifically, American's breach of contract includes the following, without limitation:

    A. American's failure and refusal to pay the amounts owed to the Insured under the "Building" coverage afforded by the Policy;

    B. American's failure and refusal to pay the amounts owed to the Insured under the "Business Personal Property" coverage afforded by the Policy;

    C. American's failure and refusal to pay such other amounts to the Insured as may be required by the Policy.

19. As a result of American's breach of contract, the Insured sustained substantial compensable losses for the amounts claimed under the Policy, plus interest thereon, for which American is liable.

**Count II- Statutory Bad Faith**

20. The allegations contained in paragraphs 1 through 19 of this First Amended Complaint are incorporated by reference as if set forth verbatim herein.

21. American's failure to pay the amounts contractually owed to the Insured is arbitrary and capricious and constitutes bad faith pursuant to Tenn. Code Ann. § 56-7-105 in that more than sixty (60) days have passed since a formal demand has been made on American and full payment has not been made for the Loss as required pursuant to the Policy, for which the twenty-five percent (25%) statutory penalty for bad faith should be invoked.

22. The bad faith of American is evidenced by the fact that, at all times hereto, American knew, or reasonably should have known, that the Insured was justifiably relying on the money and benefits due them under the terms of the Policy and as otherwise promised and

represented by American, as well as the actions of American as set forth in paragraph 23 below. Nevertheless, acting with conscious disregard for the Insured' rights and with the intention of causing or willfully disregarding the probability of causing unjust and cruel hardship on the Insured, American consciously ignored the Insured's valid claim and denied the Insured's claim and withheld monies and benefits rightfully due the Insured.

23. American's bad faith is evidenced by all of the facts and allegations set forth above in this Complaint, together with the following:

    a. American's wrongful failure and refusal to pay the amounts owed to the Insured as a result of the Loss;

    b. American's failure to fully inform the Insured of its rights and obligations under the Policy;

    c. American's failure to affirm or deny the Insured's claim within a reasonable period after its claim was submitted;

    d. American's failure to attempt in good faith to effectuate a prompt, fair and equitable settlement of the Insured's claim when liability was reasonably clear;

    e. American's refusal to pay the Insured's claim without conducting a reasonable investigation based on all available information;

    f. American's refusal to fully investigate the Insured's claim and obtain all available information before denying its claim;

    g. American engaging in acts and practices toward the Insured that amount to acts of baseness, vileness, and/or depravity that are contrary to the good faith duties owed to the Insured;

    h. American's failure to promptly provide the Insured with a reasonable and

        accurate explanation for the denial of its claim;

    i. American's reckless and/or grossly negligent failure to properly adjust the Insured's claim and to pay the Insured fully for its losses; and

    j. American's failure to pay all amounts due and owing under the Policy with no reasonable or justifiable basis.

24. In so acting, American intended to and did injure the Insured in order to protect its own financial interests, and should be punished via the twenty-five (25%) bad faith penalty as authorized by statute.

WHEREFORE, as a result of the foregoing, the Insured would respectfully request that proper process be issued and served on American requiring it to answer and/or otherwise respond in the time period allotted by law, and that this Honorable Court award a judgment against American as follows:

    A. For compensatory damages not to exceed $500,000.00;

    B. For a bad faith penalty of an additional twenty-five percent (25%) as authorized by statute;

    C. For all costs incurred by the Insured as a result of this action;

    D. For pre and post judgment interest; and

    E. For such other further and general leave as this Court deems just and equitable.

**PLAINTIFF DEMANDS A TRIAL BY JURY**.

Respectfully submitted,

GILBERT RUSSELL MCWHERTER, PLC


s/J. Brandon McWherter
J. Brandon McWherter (No. 21600)
Clinton H. Scott (No. 23008)
101 North Highland Ave.
Jackson, Tennessee 38301
Telephone: 731-664-1340
Facsimile: 731-664-1540
bmcwherter@gilbertfirm.com
cnaffziger@gilbertfirm.com

*Attorneys for the Plaintiff*

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that a true and exact copy of the foregoing has been mailed electronically via the Court's electronic filing system, to the following on this the 6th day of June, 2013:

Gary A. Brewer
E. Jason Ferrell
Brewer, Krause, Brooks, Chastain & Burrow, PLLC
P.O. Box 23890
Nashville, TN 37202-3890

s/J. Brandon McWherter